

FILED
06 SEP 19 PM 2:39
DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHUTTE & KOERTING, INC., a Delaware corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SWETT & CRAWFORD, a California corporation; THE SWETT & CRAWFORD GROUP, INC., a California corporation; SWETT & CRAWFORD OF ILLINOIS, INC., an Illinois corporation; KENNETH NITZ, and DOES 1 through 20,<br><br>　　　　　　　　　　　　Defendants.<br><br>SWETT & CRAWFORD, a California corporation; THE SWETT & CRAWFORD GROUP, INC., a California corporation; SWETT & CRAWFORD OF ILLINOIS, INC., an Illinois corporation; KENNETH NITZ,<br><br>　　　　　　　　　　Third Party Plaintiffs,<br><br>vs.<br><br>THOMAS C. VERNON, JON K. WACTOR, UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania corporation, and ROES 1 through 10,<br><br>　　　　　　　　　　Third Party Defendants. | CASE NO. 05cv0165-LAB (LSP)<br><br>**ORDER GRANTING THIRD-PARTY DEFENDANT WACTOR'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING *EX PARTE* APPLICATION FOR RELIEF FROM ORDER TAKING THE MATTER UNDER SUBMISSION** |

## I. Procedural Background

In the underlying action, Plaintiff complained that Defendants, as insurance brokers, obtained insurance policies for them on a property in this district that did not provide the coverage they sought. Plaintiffs complained that Defendants' failure to obtain the coverage they needed resulted in their claims being denied.

Third-Party Defendant Jon Wactor ("Wactor") served as counsel to Plaintiff in connection with the purchase of the insurance policies from United Capitol Insurance Company and United National Insurance Company. Plaintiff did not name Wactor as a Defendant in the Complaint. In their Third-Party Complaint filed March 21, 2005, Defendants, who are also Third-Party Plaintiffs, named Wactor as one of three Third-Party Defendants. Their theory is, to the extent Wactor may have negligently advised Plaintiff about the adequacy of coverage, he is therefore liable for some or all of the damages Plaintiff is claiming. Third-Party Plaintiffs seek equitable indemnity, apportionment of liability, and contribution for some or all of their liability to Plaintiffs by way of sums paid in settlement or judgment rendered.

On February 7, 2006, Wactor moved for judgment on the pleadings. The same day, he filed a notice withdrawing his memorandum of points and authorities. On February 13, 2006, he filed a notice of errata and a corrected memorandum of points and authorities. The Court, by discrepancy order, accepted Wactor's notice of errata that same day. February 22, 2006, the Court ordered the previously filed memorandum of points and authorities expunged from the record, and replaced with the corrected memorandum of points and authorities. On May 1, 2006, Defendants filed their opposition to Wactor's motion for judgment on the pleadings, to which Wactor replied on May 8. By order filed May 10, 2006, the Court took the motion under submission.

On May 12, 2006, Third-Party Plaintiffs filed an *ex parte* application for relief from the Court's order of May 10 requesting that the Court hold oral argument so they could address arguments they contended were presented for the first time in Wactor's reply. In the alternative, they requested leave to file a sur-reply. Shortly thereafter, Third-Party Plaintiffs discovered they had opposed Wactor's motion on the basis of the uncorrected, expunged memorandum of points and authorities. Third-Party Plaintiffs filed no additional applications for relief after discovering their mistake.

## II. *Ex Parte* Application

The *ex parte* application is not well-taken. Wactor did not, as the *ex parte* application contends, raise defenses for the first time on reply. Third-Party Plaintiffs were not only served with papers showing that Wactor had corrected his memorandum of points and authorities, but were on notice as the result of the Court's own orders of February 13 and 22, 2006. They therefore had adequate opportunity to address his arguments in their opposition. The Court does not believe oral argument would assist in deciding Wactor's motion. Furthermore, the application merely states Third-Party Plaintiffs believe the supposedly newly-raised arguments are wrong, without giving any indication as to what arguments they might raise, or what authority they might cite in order to show this.

The *ex parte* application for relief from the Court's order of May 10, 2006 is therefore **DENIED**.

## III. Motion for Judgment on the Pleadings

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(c), after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Although Rule 12(c) motions for judgment on the pleadings differ in some particulars from Rule 12(b)(6) motions to dismiss, the standard applied is virtually identical. *Carmen v. San Francisco Unified School Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997). "Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002).

A motion for judgment on the pleadings "is directed at the legal sufficiency of a party's allegations." *Carmen*, 982 F. Supp. at 1401. "The issue is not whether a plaintiff will ultimately prevail but whether [the plaintiff] is entitled to offer evidence to support the claims." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (motion to dismiss), quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/ / /

/ / /

Because the Court is sitting in diversity, it applies federal procedural law and California substantive law, under the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

As discussed below, equitable indemnity and contribution are separate and mutually exclusive, and apportionment of liability is part of the equitable indemnity analysis rather than an independent claim. Equitable indemnity and contribution will therefore be analyzed separately.

### B. Discussion

Wactor raises several arguments in support of his motion. First, he argues that the Third-Party Complaint fails to state a claim because it does not allege facts showing what he did or failed to do that would give rise to Third-Party Plaintiffs' liability. Wactor also argues, as a matter of law, Third-Party Plaintiffs cannot state a claim against him. In addition to noting deficiencies in Third-Party Plaintiffs' allegations, Wactor argues equitable indemnity is unavailable where it would interfere with the attorney-client relationship. Finally, Wactor maintains contribution is unavailable because he and Third-Party Plaintiffs did not have a common obligation, and could not have a common liability. In this regard, Wactor notes Fed. R. Civ. P. 14(a) limits impleader to situations where a third-party defendant might be derivatively liable to the third-party plaintiff, and not where the third-party defendant might simply be directly liable to the original plaintiff, citing Cal. Civ. Proc. Code § 875 in support of this principle.

#### 1. Equitable Indemnity

Under *American Motorcycle Ass'n v. Superior Ct.*, 20 Cal.3d 578, 583 (1978), apportionment of liability among joint tortfeasors in furtherance of the application of equitable indemnity is available in "appropriate cases." However, a number of significant exceptions to the general rule prevent apportionment in certain cases. *Commercial Standard Title Co. v. Superior Court*, 92 Cal.App.3d 934, 940–41 (1979). Wactor invokes one such exception here, when he argues that, as the Plaintiff's lawyer, he cannot be liable to Defendants in a cross-suit for allegedly contributing to Plaintiff's harm by negligently advising it.

The general rule of *American Motorcycle Ass'n* does not apply "when the claim for indemnity is made against an attorney, is based on a breach of the attorney's duty to his or her client, and is

brought by an adverse party in litigation which is the same as or related to that in which the alleged negligence took place." *Major Clients Agency v. Diemer*, 67 Cal.App.4th 1116, 1130 (1998). That is the case here.

*Commercial Standard*, decided on the heels of *American Motorcycle Ass'n*, specifically dealt with a parallel factual situation and an almost identical legal question. The plaintiff in that case sued two title insurance companies, alleging a negligent issuance of the lot book guarantee on which the plaintiff had relied when he entered an agreement for the exchange of real property. The title companies attempted to cross-complain against the attorney who had represented the plaintiff in the exchange transaction, alleging a right to indemnity.

As Wactor points out, permitting Third-Party Plaintiffs to seek contribution or indemnity from him would interfere with the attorney-client relationship, and therefore is barred for reasons of public policy. The *Commercial Standard* court provided detailed analysis of this consideration, noting certain fundamental characteristics of the attorney-client relationship:

> The lawyer has the duty of undivided loyalty. He may not acquire an adverse interest to his client. He should not be forced to choose between conflicting interests. The attorney is under an obligation to preserve the secrets of his client "at every peril to himself." This duty is owed both *present* and *former* clients. Only the client can release the attorney from the obligation. It is the policy of the court to encourage confidence and to preserve inviolate this relationship of client-lawyer.

92 Cal.App.3d at 945 (citations omitted). In this case, Plaintiff did not name Wactor as a Defendant, and there is no other indication Plaintiff has released Wactor from his obligation or has waived its privilege.

If Wactor were required to defend himself in this matter, he could properly raise his own client's contributory negligence — assuming, that is, that he were released from his obligation of confidentiality. 92 Cal.App.3d at 942. For example, he might attempt to defend himself by alleging that Plaintiff, his client, provided him with inaccurate information or ignored his advice. *Id.* The Court is mindful that Wactor's duty of confidentiality means he is not free to mention the specifics of defenses he might raise. It is sufficient to note that such a defense would be available to other Third-Party Defendants, but because of Wactor's duty of loyalty to his former client, it would be unavailable to him.

The *Commercial Standard* court provided further detailed discussion of its reasoning for declining to permit a cross-suit under these circumstances:

> [T]he chilling effect of such a threat of suit by a potential or actual adversary — for negligent advice to the client — is ever present. The lawyer's duty in re full and frank discussion and disclosure could not help but be affected by this overhanging threat of a lawsuit brought by a person about whom the lawyer is advising his client. There is inherent in proposed extension of the [*American Motorcycle Ass'n*] rule the seeds of irresponsible cross-lawsuits motivated by naught but spite and a desire to spread confusion, dissention in the opponent's camp.

92 Cal.App.3d at 945. In support of its reasoning, the Court cited the California Supreme Court's opinion in *Goodman v. Kennedy*, 18 Cal.3d 335, 344–45 (1976):

> To make an attorney liable for negligent confidential advice not only to the client who enters into a transaction in reliance upon the advice but also to the other parties to the transaction with whom the client deals at arm's length would inject undesirable self-protective reservations into the attorney's counselling role. The attorney's preoccupation or concern with the possibility of claims based on mere negligence (as distinct from fraud or malice) by any with whom his client might deal "would prevent him from devoting his entire energies to his client's interests". The result would be both "an undue burden on the profession" and a diminution in the quality of the legal services received by the client.

(citations omitted).

Several cases since *Commercial Standard* have analyzed factual situations similarly parallel to that at issue in this case and have reached the same conclusion for essentially the same reasons. *See, e.g., Cal. State Auto. Ass'n Inter-Ins. Bureau v. Bales*, 221 Cal.App.3d 227 (1990) (affirming demurrer by plaintiff's attorney against whom defendant had sought equitable indemnity for alleged negligent representation of plaintiff); *Major Clients*, 67 Cal.App.4th 1116 (affirming demurrer by plaintiff's attorney against whom defendant had sought equitable indemnity for allegedly negligently monitoring contract negotiations).

**2. Contribution**

Wactor also cites Cal. Civ. Proc. Code § 875, which deals specifically with the right of contribution. Contribution is distinct from equitable indemnity: Whereas equitable indemnity apportions liability according to fault, contribution is a statutory right available to one of multiple joint tortfeasors that has paid more than its pro rata share of a judgment. *Coca-Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal.App.4th 1372, 1378 (1992). Indemnity and contribution are mutually exclusive; where there is a right of indemnity, there is no right to contribution. *Id.* Unlike a right of indemnity,

"[a] right of contribution can come into existence only after rendition of a judgment declaring more than one defendant jointly liable to the plaintiff." *Id.* As Wactor points out, he is not a named Defendant in this case, and will therefore never be adjudged liable to the Plaintiff. Therefore, contribution as provided under § 875 is inapplicable here.

### 3. Application of *Erie* Doctrine

Under the *Erie* doctrine, where California law does not authorize Third-Party Plaintiffs to obtain either indemnity or contribution against Wactor, Third-Party Plaintiffs cannot evade those limitations by impleading him in federal court. *See Neely v. St. Paul Fire and Marine Ins. Co.*, 584 F.2d 341, 345 (9th Cir. 1978) ("in defining the primary rights and obligations of parties in a diversity suit arising from state law," a federal court applies the substantive law of the forum state).

### IV. Conclusion and Order

Although Wactor raises a number of additional arguments, the Court need not reach them. The analysis of equitable indemnity and contribution is a sufficient basis on which to grant Wactor's motion. Third-Party Plaintiffs' *ex parte* application for relief from the Court's order of May 10, 2006 is **DENIED**. Third-Party Defendant Wactor's motion for judgment on the pleadings is **GRANTED**.

IT IS SO ORDERED.

DATED: 9-18-06

HONORABLE LARRY ALAN BURNS
United States District Judge

cc: Magistrate Judge Leo S. Papas
All Counsel of Record